# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Triple H. Contracting, Inc.

v.

The Strong Companies, Inc.

November 17, 1998

Case No. CL98-170

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this contract dispute, the plaintiff seeks partial summary judgment on the basis of two of the defendant's answers to interrogatories regarding the amount of "recoupment" and "set-off" the defendant claims in the case.

### *Facts*

In its motion for judgment, Triple H alleges that Strong owes it $287,465.75 for construction work performed by Triple H under a contract dated August 13, 1997.

Strong filed grounds of defense admitting the contract but denying that it owes any money to Triple H. Strong also alleged that it is entitled to "recoupment" and "set-off" against any sums it may otherwise owe.

Triple H propounded eighteen written interrogatories. In # 16 and # 17, Triple H asked Strong to explain in detail its claims of "recoupment" and "set-off."

Responding, Strong stated that it "is entitled to off-set against any monies due to Triple H of a sum in excess of $132,000.00 due to incomplete or unperformed work by Triple H." Strong said the same about its claim of recoupment.

Triple H interpreted the responses as an admission that at least $132,000.00 of its claim is undisputed and that only the balance is subject to

recoupment and set-off. Therefore, Triple H filed a motion for partial summary judgment in the amount of $132,000.00.

Arguments were heard on November 2, 1998. The matter was taken under advisement, without objection, so that Strong could submit a memorandum in opposition to the motion.

## *Decision*

Triple H is correct that Rule 3:18 allows for partial summary judgment with respect to any amount of a claim that is undisputed. Similarly, Strong is correct that any form of summary judgment is a drastic remedy available only when there are no material facts genuinely in dispute.

At first reading, the court agrees with Triple H that Strong seems to admit in its answers to # 16 and # 17 that only the amount of Triple H's claim *in excess of* $132,000.00 is subject to recoupment and set-off. Without more, that would leave $132,000.00 of Triple H's claim undisputed.

But there is more. In its answer to # 8, Strong denied that it is indebted to Triple H because Triple H did not complete its work under the contract. In its answer to # 10, Strong stated again that it is not indebted to Triple H for the amount sued for and added that Triple H had been paid for work "which was not fully performed."

Further, Strong argues that Triple H misconstrues its answers to # 16 and # 17. Strong says that the proper interpretation is that "the total amount of set-offs to which Strong is entitled exceed [sic] $132,000.00" as of the date of the response. To clarify, Strong has now filed supplemental answers contending that its claim of recoupment and set-off is in excess of the *total amount* claimed by Triple H.

Regardless of whether Strong adequately said what it meant to say in its answers to # 16 and # 17, it is now quite apparent that Strong did not intend to admit that it owed Triple H $132,000.00 and that only the balance of Triple H's claim is disputed. Taking all of Strong's answers to the interrogatories as a whole and accepting counsel's explanation at argument and in the supplemental answers, the court accepts Strong's version.

Summary judgment for $132,000.00 should not be granted solely for inartfully drafted answers during the discovery process, especially when other portions of the party's responses are considered and that party moves promptly to correct the ambiguous or vague parts of its responses.

Accordingly, the motion for partial summary judgment will be denied.